UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
ANDREW SCHLESINGER,           :
an individual,                :        CASE NO.:
                              :
       Plaintiff,             :
                              :        Judge:
vs.                           :
                              :
                              :        Magistrate:
                              :
LYNN INVESTMENTS; and         :
MYSTIC, L.L.C.,               :
                              :
       Defendants.           :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, ANDREW SCHLESINGER, by and through his undersigned counsel, hereby files this Complaint and sues LYNN INVESTMENTS (hereinafter "LYNN") and MYSTIC, L.L.C. (hereinafter referred to as "MYSTIC") (collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, ANDREW SCHLESINGER, (hereinafter referred to as "MR. SCHLESINGER"), is a resident of Lafourche Parish, Louisiana. MR. SCHLESINGER lives on campus at Nicholls State University

1

4. MR. SCHLESINGER is a qualified individual with a disability under the ADA. MR. SCHLESINGER is afflicted with spina bifida.

5. Due to his disability, MR. SCHLESINGER is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. SCHLESINGER is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, LYNN is a partnership formed in the State of Louisiana and doing business in Terrebonne Parish.

7. Upon information and belief, LYNN is domiciled at 5652 Highway 308, Plattenville, Louisiana 70390.

8. Upon information and belief, MYSTIC is a limited liability company organized in the State of Louisiana and doing business in Terrebonne Parish.

9. Upon information and belief, MYSTIC is domiciled at 405 Rightor Street, Houma, Louisiana 70364.

10. Upon information and belief, DEFENDANTS are the owner and lessors of the real properties and improvements which is the subject of this action, to wit: Concord shopping plaza located at 1222 Saint Charles Street, Houma, Louisiana 70360 (hereinafter referred to as "the Property").

11. The Property is a shopping center.

12. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Terrebonne Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

13. MR. SCHLESINGER realleges and reavers Paragraphs 1 - 12 as if they were expressly restated herein.

14. The Property is a place of public accommodation, subject to the ADA, generally located at: 1222 Saint Charles Street, Houma, Louisiana 70360.

15. Upon information and belief, MR. SCHLESINGER has visited the Property numerous times and desires to visit the Property again in the near future.

16. MR. SCHLESINGER'S most recent visit prior to filing the original Complaint when he last observed or encountered the barriers discussed in Paragraph 22 was on May 28, 2015.

17. During these visits, MR. SCHLESINGER experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 22.

18. MR. SCHLESINGER continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 22.

19. MR. SCHLESINGER frequently travels from Thibodaux to Houma for shopping and leisure.

20. Independent of his intent to return as a patron to the Property, MR. SCHLESINGER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. MR. SCHLESINGER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the

subjects of this action.

22. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. SCHLESINGER due to, but not limited to the following violations which MR. SCHLESINGER personally observed and/or encountered which hindered his access:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A.    Near the Home Hardware Center, there are two accessible-designated parking spaces which are not adjacent to an access aisle. Additionally, neither of these spaces are marked with vertical signage.

        B.    The curb ramp onto the promenade at the Home Hardware Center has excessively steep side flares.

        C.    The Home Hardware Center has a pattern, policy, or practice of blocking the required access aisle route with goods, including cinder blocks, bricks, and other masonry supplies. As a result of this pattern, policy, or practice, there is no accessible route connecting all of the Property.

        D.    In front of the Pizza Hut, there are two accessible-designated parking spaces which are not located next to an access aisle, are not marked with vertical signage, and not on an accessible route to the Property's entrance.

      E.    In front of the Rite Aid, there is a curb ramp which has side flares which are excessively steep.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. SCHLESINGER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26. MR. SCHLESINGER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. SCHLESINGER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. SCHLESINGER demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

    A.    That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

    B.    That this Court enter an Order directing DEFENDANTS to alter the Property to

make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. SCHLESINGER; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

                                      Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: _____
Garret S. DeReus